**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOWA ESTATES LIMITED; C. DONALD DEMPSEY, Trustee of the Dempsey Family Trust; MAYAKO Y. DEMPSEY, Trustee of the Dempsey Family Trust; JOACHIM BOSCH, Trustee of the Legacy Trust; MICHELLE BOSCH, Trustee of the Legacy Trust; THOMAS C. AINSWORTH, Trustee of the R. Clayton Ainsworth 1997 Irrevocable Property Trust, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ASSOCIATION OF APARTMENT OWNERS OF WAILEA POINT VILLAGE, by and through its Board of Directors; DALE KNUTSON, individually; EILEEN HANTKE, individually; JILL INSKEEP, individually; JOSEPH AZAR, individually; LOWELL MCADAM, individually; MICHAEL MURRAY, individually; MIKE AVILA, individually; ROB KING, individually; ROBBIE DEIN, individually; ROBERT HOFFMAN, individually; STEVE WELLS, individually, <br><br> Defendants - Appellees. | No. 25-6258 <br><br> D.C. No. 1:23-cv-00582-MWJS-RT <br><br> MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Hawaii
Micah W. J. Smith, District Judge, Presiding

Argued and Submitted June 25, 2026
Honolulu, Hawaii

Before: N.R. SMITH, MILLER, and JOHNSTONE, Circuit Judges.

Plaintiffs-appellants condominium owners appeal from the district court's grant of summary judgment in favor of the Association of Apartment Owners of Wailea Point Village (the "Condo Association") on the Condo Association's counterclaim seeking declaratory relief that a challenged amendment to the condominium's declaration was valid. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Wailea Point Village is governed by a recorded declaration (the "Declaration"), which serves as the contract between unit owners and the Condo Association. Originally, the Declaration permitted owners to lease their units only for periods greater than 30 days. But in 2022, an amendment to the Declaration (the "Amendment") was proposed to increase the minimum lease term to greater than 365 days. More than 70 percent of owners voted in favor of the amendment, but plaintiffs contend that the Amendment is nonetheless invalid because it was not approved unanimously. Section 10 of the Declaration generally permits amendments upon approval by 67 percent of owners but requires unanimous consent for amendments "effecting a change in the fundamental purposes of or restrictions on

the use of any apartment or the common elements." The principal issue on appeal is whether the adjective "fundamental" modifies only "purposes" or both "purposes" and "restrictions on the use."

"In interpreting a contract [under Hawaii law], 'it is fundamental that terms of a contract should be interpreted according to their plain, ordinary and accepted use in common speech, unless the contract indicates a different meaning.'" *Cowan v. Exclusive Resorts PBL1, LLC*, 574 P.3d 288, 295 (Haw. 2025) (quoting *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 839 P.2d 10, 24 (Haw. 1992)); *accord Harrison v. Casa De Emdeko, Inc.*, 418 P.3d 559, 567 (Haw. 2018). Section 10 of the Declaration is not "ambiguous, vague, or 'susceptible to more than one meaning,'" *Cowan*, 574 P.3d at 295 (quoting *Hawaiian Ass'n of Seventh-Day Adventists v. Wong*, 305 P.3d 452, 461 (Haw. 2013)), because its plain language clearly sets forth that "fundamental" modifies "purposes of" and does not modify "restrictions on the use of."

Because "purposes of" is not part of a straightforward parallel series with "restrictions on the use of," the nearest-reasonable-referent canon suggests that "fundamental" is best read to modify only the noun it immediately precedes. *See Prison Legal News v. Ryan*, 39 F.4th 1121, 1131 (9th Cir. 2022) (citing Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 152 (2012)); *see also Sylvester v. Administrative Dir. of Cts.*, 494 P.3d 1219, 1223–24

(Haw. 2021) (discussing how the series-qualifier canon applies only "when there is a straightforward, parallel construction that involves all nouns or verbs in a series" (quoting *Facebook, Inc. v. Duguid*, 592 U.S. 395, 402 (2021))). The lack of parallelism in Section 10 is evident from its text.

First, the phrases differ in their "internal modifiers or structure." *Lockhart v. United States*, 577 U.S. 347, 352 (2016). In Section 10, "purposes" is followed by the preposition "of," whereas "restrictions" is followed by the distinct and longer phrase "on the use of." These syntactic differences make it awkward to read "fundamental" as carrying over to "restrictions" because the terms on either side of the "or" are not symmetrical. "[I]t takes more than a little mental energy to process" the words following "fundamental," "making it a heavy lift to carry the modifier across them all." *Id.* at 351; *cf. Sylvester*, 494 P.3d at 1223–24.

Second, Section 10's disjunctive use of the term "or" "indicates alternatives and requires that they be treated separately." *United States v. Nishiie*, 996 F.3d 1013, 1023 (9th Cir. 2021) (quoting *Azure v. Morton*, 514 F.2d 897, 900 (9th Cir. 1975)); *see also State v. Rogan*, 573 P.3d 616, 622 (Haw. 2025) ("The import of the word 'or' is clear. It is a disjunctive that signals an alternative."). The use of "or" limits the reach of the prepositive modifier "fundamental" and thereby "avoids jumping [for]ward over multiple prepositional phrases to reach the intended referent." *Hall v. United States Dep't of Agric.*, 984 F.3d 825, 838 (9th Cir. 2020).

Because lengthening the minimum lease term to prohibit all short-term and medium-term rentals changed a restriction on the use of the apartments that is specifically addressed in Section 7 of the Declaration, the amendment required unanimous consent. It is undisputed that unanimous consent was not obtained. Thus, the amendment was not validly adopted, and we reverse the district court's grant of summary judgment on the Condo Association's counterclaim for declaratory relief.

**REVERSED.**